IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SEAN SMITH, | § | |
| | § | No. 496, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2209007025 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted:  December 30, 2024
Decided:     January 9, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)    On December 2, 2024, the appellant, Sean Smith, filed a notice of appeal from the Superior Court's October 28, 2024 order denying his motion for postconviction relief. Under Supreme Court Rule 6, a timely notice of appeal was due on or before November 27, 2024. The Senior Court Clerk therefore issued a notice directing Smith to show cause why this appeal should not be dismissed as untimely filed.

(2)    In response to the notice to show cause, Smith notes that the envelope containing his notice of appeal is postmarked November 26, 2024, and argues that

his appeal was therefore timely filed. Smith also claims that "if there were any disputes about the filing date, Delaware courts apply the 'prison mailbox rule' for *pro se* incarcerated litigants."

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be *received* by the Court within the applicable time period to be effective.[2] An appellant's prisoner *pro se* status does not excuse his failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] An untimely appeal cannot be considered unless an appellant can demonstrate that his failure to file a timely notice of appeal is attributable to court-related personnel.[4] "Correctional officers and other prison personnel are not court-related personnel," and, contrary to Smith's position in his response to the notice to show cause, "Delaware has not adopted a rule similar to the federal prison mailbox rule, which deems a notice of appeal filed at the time it is delivered to prison authorities for mailing."[5]

(4) Smith does not claim, and the record does not reflect, that his failure to file a timely notice of appeal from the Superior Court's October 28, 2024 order is attributable to court-related personnel. Consequently, this case does not fall within

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[2] Del. Supr. Ct. R. 10(a).
[3] *See Smith v. State*, 47 A.3d 481-82 (Del. 2012) (dismissing a prisoner's *pro se* appeal, filed one day late, as untimely).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] *Evans v. State*, 2024 WL 4002304, at *1 (Del. Aug. 29, 2024) (internal quotation marks and citations omitted).

the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED that the appeal is DISMISSED under Supreme Court Rule 29(b).

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

3